UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:10-CR-71 |
| v. ) | |
| ) | Chief Judge Curtis L. Collier |
| DERRICK HODGE ) | |

**MEMORANDUM & ORDER**

Before the Court is Defendant Derrick Hodge's ("Defendant") motion for return of property (Court File No. 26). Pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure, Defendant seeks the return of property taken from him during a search and seizure at his residence. The federal government has filed a response in opposition (Court File No. 29). For the following reasons, the Court **DENIES** Defendant's motion for return of property (Court File No. 26).

A Rule 41(g) motion "is treated as a civil action in equity when the owner of the property invokes the Rule after the conclusion of his criminal proceedings." *United States v. Oguaju*, 107 F. App'x 541, 542 (6th Cir. 2004). "Once forfeiture proceedings have been initiated and the property owner has been notified of such proceedings, 'a claimant may no longer use Rule 41(e) [now Rule 41(g)], but instead must submit to the statutory procedures governing civil forfeiture proceedings.'" *Id.* (quoting *United States v. One 1974 Learjet 24D, Serial Number 24D-290, Mexican Registration XA-RMF*, 191 F.3d 668, 673 (6th Cir. 1999)). The claimant may pursue "collateral due process attacks on administrative forfeitures." *Id.*

Here, the Court lacks jurisdiction to grant Defendant's motion because Defendant's property was subject to an administrative forfeiture by the State of Tennessee. On April 9, 2010, the Chattanooga Police Department seized $390,802.84 in U.S. currency from Defendant's residence. The Order of Compromise and Settlement clearly states that $375,802.84 was forfeited by the State

of Tennessee to the Chattanooga Police Department and $15,000 was returned to Defendant. Although the federal government had originally sought forfeiture of the property at issue, it moved to dismiss its forfeiture allegations because the currency had already been forfeited by the State; this Court granted the federal government's motion. Where Defendant's currency was forfeited during a state forfeiture proceeding and Defendant does not allege notice was lacking, denial of a Rule 41(g) motion is proper. *See Oguaju*, 107 F. App'x at 542.

Moreover, there is no indication the federal government possessed the property in question at any time; rather, the State of Tennessee had the property in its possession after the seizure. Where the federal government never had possession of the property in question, additional grounds exist to deny Defendant's Rule 41(g) motion. *See United States v. Obi*, 100 F. App'x 498, 499 (6th Cir. 2004) (district court did not abuse discretion in denying Rule 41(g) motion where vehicle was impounded by state police officers and seizure of other property was conducted by state police officers pursuant to a search warrant issued by a Michigan state court).

For these reasons, the Court **DENIES** Defendant's motion for return of property (Court File No. 26).

**SO ORDERED.**

**ENTER:**

                                    **/s/**
                                    **CURTIS L. COLLIER**
                                    **CHIEF UNITED STATES DISTRICT JUDGE**